### WHEELER v. BLUMENTHAL.

(Supreme Court, Appellate Term. November 29, 1907.)

WAREHOUSEMEN—ACTIONS AGAINST—SUFFICIENCY OF EVIDENCE.

In an action against a warehouse keeper to recover for articles stored and not returned, delivery of the goods to the keeper and failure to return the same *held* to be shown by preponderance of the evidence.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Francis H. Wheeler against Ben Blumenthal, doing business under the name of the West End Storage Warehouse. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Louis O. Van Doren, for appellant.

Eugene Blumenthal, for respondent.

PER CURIAM. The action is brought by plaintiff, as owner of certain household goods, against defendant, as a storage warehouse keeper, to recover the value of certain of the articles stored by plaintiff with defendant, which articles were not returned by defendant on demand of plaintiff.

The facts are substantially as follows, viz.: On September 27, 1906, plaintiff placed her furniture in storage with defendant. One Collins carted and moved the goods from plaintiff's residence to defendant's warehouse. Among the goods were some crockery, glass, and table ware, which Collins packed into 11 barrels. There were three van loads in all. The barrels went on the last load. The wagon was driven by Collins to defendant's warehouse. Collins swears he took off the wagon all of the goods that had been placed on it, and delivered the same to defendant's servants and agents, and the goods were taken into defendant's warehouse, and then the empty wagon was driven away by Collins. Upon demand of plaintiff, subsequently made, most of the furniture was returned to her by defendant, but not the articles involved in this action, which had been placed on the last load at the time of moving, as above indicated.

Proof of value was made of the lost articles. Defendant's agent admits that all of plaintiff's goods that had been delivered to defendant by Collins were placed in defendant's receiving room, and admits that he saw Collins bring goods into the warehouse. The plaintiff herself saw the wagon upon which the lost goods had been loaded driven to defendant's warehouse by Collins. The wife of the janitor of the house whence the goods were taken swears that all of plaintiff's property was so taken away. The court dismissed the complaint for failure of proof. The preponderance of evidence clearly shows delivery of the goods to defendant and the failure by him to return them.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.